NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0064n.06

No. 17-5627

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AUBREY WILLIAMS, II, | ) | **FILED** |
| | ) | Feb 07, 2018 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| RANDY L. WHITE, Warden, Kentucky State | ) | UNITED STATES DISTRICT |
| Penitentiary at Eddyville; RODNEY BALLARD, | ) | COURT FOR THE WESTERN |
| Kentucky Department of Corrections Commissioner, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SUTTON, KETHLEDGE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. The district court dismissed Aubrey Williams's claims against Kentucky prison officials because Williams failed to seek relief within the prison first. We affirm.

Williams is an inmate at the Kentucky State Penitentiary, where he has spent much of his time in solitary confinement as a result of several disciplinary violations. Of the ten violations in the record, Williams pled guilty to eight, chose not to appear at his hearing for another, and admitted to the final one. Meanwhile, his father (who represents him here) grew concerned over Williams's mental health and expressed that concern in letters to prison officials. In response, one official offered to send Williams's father over 200 pages of Williams's medical records. And the warden explained that Williams had just been evaluated, could request further treatment from staff, and—if that treatment was not enough—could file a grievance with the prison.

Williams instead sued the warden and another prison official under 42 U.S.C. § 1983, seeking damages for his time in solitary confinement and a court order for further mental-health treatment. The officials moved to dismiss on the ground that Williams had failed to exhaust the available administrative remedies. The district court granted that motion and dismissed the suit under the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211-17 (2007). Williams now appeals.

We review the district court's decision de novo. *See Mattox v. Edelman*, 851 F.3d 583, 589 (6th Cir. 2017). Under the PLRA, a prisoner may not seek relief in court if he did not first seek the relief available within his prison. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006).

Here, Williams had means within his prison both to challenge his solitary confinement and to obtain further treatment. He could have appealed to the warden the disciplinary decisions that had landed him in solitary confinement. *See* Ky. Corr. Policies & Procedures (CPP) 15.6(II)(F). And he could have filed a grievance over his health care, which he could have appealed to the Health Care Grievance Committee and then to the medical director. *See* CPP 14.6(II)(K).

But Williams did neither. Indeed he acknowledges that he "took no steps to challenge" any of the disciplinary decisions in the record and that the one grievance he has ever filed was not over his health care. Thus, Williams has not given prison officials the chance to address his claims themselves. Per the PLRA, therefore, he cannot sue those officials now. *See Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011).

Williams argues that relief was not in fact available inside the prison, for two reasons. First, he says, he could not challenge the disciplinary decisions because prison officials did not give him due process, namely because they did not assign him a lawyer. Yet he does not allege

that they withheld notice of the charges against him, an opportunity to contest them, or a written decision—which is all the process a prison must provide. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Williams's prison did provide him a right to an "assigned legal aide," but he does not allege that officials failed to advise him of that right. *See* CPP 15.6(II)(C)(4)(b)(2)(e). Instead, according to the decisions in the record, Williams simply failed to assert it.

Second, Williams says that, as a practical matter, the grievance process was unavailable to him. Administrative remedies are not "available" in a practical sense if the remedial process is "so opaque" that "no ordinary prisoner can make sense of" it. *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). But Williams does not allege that an ordinary prisoner could not make sense of the grievance process. And though he does allege that he personally lacked the mental capacity to make sense of that process, there is no mental-capacity exception to the PLRA. *Cf. id.* at 1856-58. Administrative remedies are also not "available" if prison officials "thwart" attempts to pursue those remedies or are "unable or consistently unwilling to provide any relief." *Id.* at 1859-60. To that end, Williams alleges that prison officials never told him about the grievance process. But Williams himself filed in the record the warden's letter to his father (and counsel) about that process. And nothing in the record suggests that, if Williams follows that process, prison officials will fail to provide him any relief he might deserve. Thus Williams must follow the grievance process before bringing those officials to court.

The district court's judgment is affirmed.